United States District Court

Eastern District of California

Louis Tamale,

     Plaintiff,   No. Civ. S 02-1703 LKK PAN

  vs.   Findings and Recommendations

Avenal State Prison, et al.,

     Defendants.

-oOo-

Plaintiff proceeds without counsel in a civil rights action based on events during his incarceration.  (Plaintiff commenced this action after he was released.)

The court approved service of the September 5, 2002, amended complaint upon defendants Lambert, Wilson, Mitchell, Depner, Summers, Tamayo, Alexander, Sisto, Fortin, Huskey, Douglas and Davis.  Defendants moved to dismiss on the grounds plaintiff failed to exhaust his administrative remedies and fails to state a claim upon which relief may be granted.

1  August 24, 2004, the court explained exhaustion is not
2  required because plaintiff was not incarcerated when he commenced
3  his action.  The court construed the motion to dismiss for
4  failure to state a claim as one for a more definite statement,
5  granted it and required plaintiff to amend his pleading.
6  Plaintiff filed a second-amended complaint October 15, 2004.
7  Defendants moved to dismiss November 24, 2004, and plaintiff
8  opposed December 3, 2004.
9  On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),
10 the court must accept plaintiff's allegations as true, read the
11 complaint most favorably to plaintiff, give plaintiff the benefit
12 of every reasonable inference that appears from the pleading and
13 argument of the case and dismiss the complaint only if it is
14 clear no relief could be granted under any set of facts that
15 could be proved consistent with the allegations. Wheeldin v.
16 Wheeler, 373 U.S. 647, 658 (1963); Retail Clerks International
17 Association, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746,
18 754 n.6 (1963); Hishon v. King & Spalding, 467 U.S. 69, 73
19 (1984).  The court may consider documents attached to the
20 complaint in evaluating a motion to dismiss. Parks School of
21 Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).
22 Defendants argue "the Department of Corrections and Avenal
23 State Prison" are not persons under the civil rights statute.
24 Defendants are correct, but the fact does not support an argument
25 in favor of dismissing plaintiff's claims against them as
26 individuals.

1    Defendants argue plaintiff did not exhaust his
2 administrative remedies under 42 U.S.C. § 1997e(a).  As noted in
3 the court's prior order, plaintiff is not required to comply with
4 § 1997e(a) because he was not a prisoner when he filed this suit.
5 Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000) (only persons who
6 are detained as result of being accused, convicted or sentenced
7 for a criminal offense are "prisoners" within the meaning of 42
8 U.S.C. section 1997e(a)); see also Greig v. Goord, 169 F.3d 165,
9 167 (2d Cir. 1999); Doe v. Washington County, 150 F.3d 920, 924
10 (8th Cir. 1998); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir.
11 1998).

12    Defendants argue the complaint should be dismissed because
13 it contains only "conclusory allegations," citing Ivey v. Board
14 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff's
15 pleading is sufficient to provide notice of his claims.  See Fed.
16 R. Civ. P. 8; Crawford-El v. Britton, 523 U.S. 574 (1998)
17 (rejecting imposition of a heightened pleading requirement for
18 civil rights claims).

19    Plaintiff accuses all defendants but Davis and Douglas of
20 engaging in a plot at Avenal State Prison to retaliate against
21 plaintiff for his protected First Amendment activity (viz., suing
22 Lambert, Huskey, Depner and Mitchell), and violating plaintiff's
23 due process rights in connection with a disciplinary proceeding
24 in which Lambert found plaintiff guilty of fraudulently claiming
25 to be the beneficiary of a disability determination under the
26 Americans with Disabilities Act (ADA).  Plaintiff avers that

3

1  Huskey, Depner and Mitchell subjected plaintiff to inhumane
2  conditions by placing him in restraints and transferring him to
3  administrative segregation before the disciplinary hearing.
4  Plaintiff alleges that defendants Davis and Douglas violated
5  plaintiff's rights under the Eighth Amendment in the course of
6  treating plaintiff's serious medical conditions (viz., moderate
7  to severe spinal stenosis and endocrine-mediated progressive
8  lower-extremity vascular disorder), and discriminated against
9  plaintiff, who uses a wheelchair, based on disability by
10 excluding him from services and programs in violation of the ADA.
11     The court hereby recommends defendants' December 22, 2004,
12 motion to dismiss be denied and defendants be required to answer
13 plaintiff's pleading.
14     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
15 findings and recommendations are submitted to the United States
16 District Judge assigned to this case.  Written objections may be
17 filed within 20 days of service of these findings and
18 recommendations.  The document should be captioned "Objections to
19 Magistrate Judge's Findings and Recommendations."  The district
20 judge may accept, reject, or modify these findings and
21 recommendations in whole or in part.
22     Dated:  July 21, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge