United States District Court

Eastern District of California

Louis Tamale,

    Plaintiff,

vs.

Avenal State Prison, et al.,

    Defendants.

No. Civ. S 02-1703 LKK PAN P

Findings and Recommendations

-oOo-

Plaintiff proceeds without counsel in a civil rights action based on events during his incarceration though he commenced this action after his release. The events underlying plaintiff's claims occurred in 1999, 2000 and the first half of 2001.

Presently before the court is defendants' September 20, 2005, amended motion to dismiss, which plaintiff opposed October 17, 2005.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept plaintiff's allegations as true, read the

complaint most favorably to plaintiff, give plaintiff the benefit of every reasonable inference that appears from the pleading and argument of the case and dismiss the complaint only if it is clear no relief could be granted under any set of facts that could be proved consistent with the allegations. Wheeldin v. Wheeler, 373 U.S. 647, 658 (1963); Retail Clerks International Association, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 754 n.6 (1963); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The court may consider documents attached to the complaint in evaluating a motion to dismiss. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Defendants argue plaintiff's action is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and Edwards v. Balisok, 520 U.S. 641, 644 (1997). It does not appear plaintiff lost good-time credits, thus these cases are inapposite.

Defendants also contend plaintiff's claims are time-barred. Section 1983 does not proscribe a limitation period; instead this court applies California's personal injury limitation statute. Fink v. Shedler, 192 F.3d 911 (9th Cir. 1999). In California, the applicable period as relates to this action is one year. Id.; Maldonado v. Harris, 370 (F.3d 945, 955 (9th Cir. 2004) (California's new two-year statute of limitation, effective January 1, 2003, does not apply retroactively). Federal courts also apply a forum state's law regarding tolling. Fink. Federal law governs when a claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir. 1994). A claim accrues when

1  the plaintiff knows, or should know, of the injury which is the
2  basis of the cause of action.  <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121,
3  1128 (9th Cir. 1996).
4       Plaintiff was released on parole July 7, 2001 and he knew of
5  his injuries before then.  The applicable limitation period is
6  one year.  He was entitled to tolling for the period of his
7  incarceration, but that period ended when he was released upon
8  parole July 7, 2001.  Cal. Code Civ. Pro. § 352.1 (West Supp.
9  2002)(a plaintiff incarcerated for a term of less than life at
10 the time the cause of action accrues is entitled to two years
11 tolling for actions seeking damages); <u>Deutch v. Hoffman</u>, 165
12 Cal.App.3d 152 (1985) (status a parolee does not impair ability
13 to enforce claim and does not provide tolling of limitation
14 period).
15      Plaintiff's complaint was received by this court July 18,
16 2002, and the court deems the complaint filed that date.  The
17 limitation period already had expired.
18      Accordingly, the court hereby recommends defendants'
19 September 20, 2005, amended motion to dismiss be granted and this
20 action be dismissed as time-barred.
21      Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
22 findings and recommendations are submitted to the United States
23 District Judge assigned to this case.  Written objections may be
24 filed within 20 days of service of these findings and
25 recommendations.  The document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendations."  The district

1  judge may accept, reject, or modify these findings and
2  recommendations in whole or in part.
3       Dated:  February 7, 2006.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge